Dear Representative Steelman:
This opinion is in response to your request for an opinion as follows:
 Does a person who is a member of a closed corporation have a legal right to claim a deduction of school tax paid by said corporation toward non-resident tuition of said member's child for attending elementary school in the district where the tax is paid?
 Tax is paid by corporation and not individual, thus, may individual use tax paid by corporation as his personal credit to offset tuition?
For the reasons we shall express herein, it is the opinion of this office that a shareholder of a closely-held corporation may not claim a credit under Section 167.151.3, RSMo Supp. 1983, for taxes paid by the closely-held corporation.
At the heart of your opinion request is an interpretation of the meaning of the word "person" as it appears in Section 161.151.3. Section 1.020, RSMo Supp. 1983, states in pertinent part:
 As used in the statutory laws of this state unless otherwise specially provided or unless plainly repugnant to the intent of the legislature
or the context thereof:
* * *
 (10) The word "person" may extend and be applied to bodies politic incorporate and to partnerships and other unincorporated associations; . . . . [Emphasis added.]
Thus, a closely-held corporation may be a "person" for purposes of Section 167.151.3 unless the use of the word "person" to include a corporation is plainly repugnant to the intent of the legislature in its passage of said section.
Section 167.151.3 provides a method by which a person who pays a school tax in a district other than the one in which he resides can send his children to any public school in the district in which the tax is paid and receive as a credit against the nonresident tuition charged by the school district, the amount of the school tax paid to the district. A use of the word person to include a corporation in Section 167.151.3 is, in our opinion, repugnant to the intent of the General Assembly when it employed the word "person" in said section. While it is true that a corporation, as a person, may pay a tax, the use of the words "his children" indicates that the person to whom Section 167.151.3 refers must have a child over whom he exercises legal authority and who can attend the public schools. Under the fact situation you present in your question, the corporation to which you refer does not itself have children, nor does it exercise legal rights over children. The children are not "his children" (the corporation's) for purposes of Section 167.151.3.
In Pierce v. National Bank of Commerce in St. Louis, 13 F.2d 40,47 (8th Cir. 1926), cert. denied, 273 U.S. 730 (1926), the court stated:
 The general doctrine is well established that a corporation is a legal entity distinct from its individual members or stockholders, and that the property or rights acquired or the liabilities incurred by the corporation, or the property, rights, and liabilities of such legal entity as distinguished from the members who compose it. . . .
Applying this general doctrine, a shareholder of a corporation is distinct from the corporation and the shareholder may not claim credit for taxes paid by the corporation. We believe that this general rule is applicable to the question you present, and that a person who is a member of a closely-held corporation does not have a legal right to receive as a credit on tuition charged by a school district, an amount equal to a school tax paid to the district by a closely-held corporation of which the person is a shareholder.
Very truly yours,
 JOHN ASHCROFT Attorney General